UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLADYS VELEZ, on her behalf and on behalf of her minor son LUIS A. ROMERO-VELEZ; GLADYS ROMERO VELEZ; DENNIS ROMERO; JONATHAN ROMERO; and LUIS ESPINET-GARCIA, on his behalf and on behalf of his minor son, KEVEN ESPINET-PIZARRO,<br><br>      Plaintiffs<br><br>      v.<br><br>CESSNA AIRCRAFT COMPANY; AVCO CORPORATION; INSURANCE COMPANY X; INSURANCE COMPANY Y; JOHN DOE 1 thru 3,<br><br>      Defendants. | CIVIL ACTION<br><br>FILE NO. 3:11-cv-01821-DRD |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT AVCO CORPORATION**

Defendant AVCO CORPORATION, by and through its attorney, files this, its Answer to Plaintiffs' Complaint in the above-captioned matter showing the Court as follows:

**I.    PREAMBLE**

This Answering Defendant denies it was "unknown" at the time Plaintiffs in *Gladys Velez, et al. v. ATIS Corp.*, United States District Court for the District of Puerto Rico, Civil Action No. 09-1877, was filed or throughout the time the case was pending. This Answering Defendant specifically denies the renewal/relation back statute applies to this case.

**II.   PARTIES**

1.   This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies the same.

2. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies the same.

3. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies the same.

4. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies the same.

5. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis denies the same.

6. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis denies the same.

7. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies the same.

8. This Answering Defendant admits only that Cessna is a manufacturer of airplanes with a principal place of business in the State of Kansas and manufactured the Cessna 206H aircraft bearing Registration Number N118ME.  This Answering Defendant denies all other allegations contained in Paragraph 8, and on that basis denies the same.

10638299v.1

- 3 -

9. This Answering Defendant admits only that it operates a division known as Lycoming Engines, which manufactures and sells aircraft engines, including but not limited to engines used in various Cessna aircraft. All remaining allegations of Paragraph 9 are denied.

10. This Answering Defendant avers that the allegations contained in Paragraph 10 are so vague that Defendant is unable to admit or deny same, but affirmatively asserts that no insurer(s) of Avco or Cessna are liable for any injuries of Plaintiffs or Plaintiffs' decedents because Avco and Cessna are not liable.

11. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies the same.

### III. JURISDICTION

12. This Answering Defendant avers the allegations of Paragraph 12 constitute legal conclusions which cannot be admitted or denied, but to the extent the Court requires a response, they are denied

13. This Answering Defendant avers the allegations of Paragraph 13 constitute legal conclusions which cannot be admitted or denied, but to the extent the Court requires a response, they are denied

### IV. FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

14. This Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies the same.

15. This Answering Defendant, upon information and belief, admits the allegations contained in Paragraph 15.

- 4 -

16. This Answering Defendant, upon information and belief, admits the allegations contained in Paragraph 16.

17. This Answering Defendant, upon information and belief, admits the allegations contained in Paragraph 17.

18. This Answering Defendant, upon information and belief, admits the allegations contained in Paragraph 18.

19. This Answering Defendant, upon information and belief, admits that the pilot requested cancellation of the IFR filed at the Mayaguez Municipal Airport ("MAZ") Very High Frequency Omni-directional Range, and the request was granted. All remaining allegations of Paragraph 19 are denied.

20. This Answering Defendant, upon information and belief, admits only that the last radar contact was approximately 12 miles east-northeast of MAZ at 5,000 feet, the aircraft crashed into the ocean, and all aboard perished. All remaining allegations of Paragraph 20 are denied.

21. This Answering Defendant, upon information and belief, admits only that the Federal Aviation Administration ("FAA") issued Airworthiness Directives applicable to the engine contained in the Cessna 206H Aircraft bearing Registration No. N118ME, and that work was done on the aircraft pursuant to that Directive. All remaining allegations of Paragraph 21 are denied.

22. This Answering Defendant admits only that Lycoming repaired an engine in June 2004 under WO #CR04057. All remaining allegations of Paragraph 22 are denied.

23. This Answering Defendant denies all allegations contained in Paragraph 23, including subparts a. through c.

10638299v.1

## V. FIRST CAUSE OF ACTION FOR WRONGFUL DEATH OF ROMERO

24. As and for an Answer to Paragraph 24 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-23 of this Answer.

25. This Answering Defendant denies all allegations contained in Paragraph 25.

## Vi. SECOND CAUSE OF ACTION FOR WRONGFUL DEATH OF ROMERO

26. As and for an Answer to Paragraph 26 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-25 of this Answer.

27. This Answering Defendant denies all allegations contained in Paragraph 27.

## VII. THIRD CAUSE OF ACTION FOR WRONGFUL DEATH OF ROMERO

28. As and for an Answer to Paragraph 28 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-27 of this Answer.

29. This Answering Defendant denies all allegations contained in Paragraph 29.

## VIII. FOURTH CAUSE OF ACTION FOR WRONGFUL DEATH OF ROMERO

30. As and for an Answer to Paragraph 30 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-29 of this Answer.

31. This Answering Defendant denies all allegations contained in Paragraph 31.

## IX. FIFTH CAUSE OF ACTION FOR WRONGFUL DEATH OF ROMERO

32. As and for an Answer to Paragraph 32 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-31 of this Answer.

33. This Answering Defendant denies all allegations contained in Paragraph 33.

## V. SIXTH CAUSE OF ACTION FOR WRONGFUL DEATH OF ROMERO

34. As and for an Answer to Paragraph 34 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-33 of this Answer.

35. This Answering Defendant denies all allegations contained in Paragraph 35.

## X. SEVENTH CAUSE OF ACTION FOR WRONGFUL DEATH OF PIZARRO

36. As and for an Answer to Paragraph 36 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-35 of this Answer.

37. This Answering Defendant denies all allegations contained in Paragraph 37.

## XI. EIGHTH CAUSE OF ACTION FOR WRONGFUL DEATH OF PIZARRO

38. As and for an Answer to Paragraph 38 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-37 of this Answer.

39. This Answering Defendant denies all allegations contained in Paragraph 39.

## XII. NINETH [*sic*] CAUSE OF ACTION FOR WRONGFUL DEATH OF PIZZARO

40. As and for an Answer to Paragraph 40 of Plaintiffs' Complaint, this Answering Defendant re-asserts and re-alleges as if fully set forth herein each admission and denial contained in Paragraphs 1-39 of this Answer.

41. This Answering Defendant denies all allegations contained in Paragraph 41.

42. This Answering Defendant avers the allegations of Paragraph 42 constitute legal conclusions which cannot be admitted or denied, but to the extent the Court requires a response,

they are denied. Defendant further specifically denies that Plaintiffs are entitled to any damages from this Answering Defendant.

43.     This Answering Defendant denies Plaintiffs are entitled to submit any claims to a jury.

### FIRST DEFENSE

There was a failure to heed the warnings, instructions, and maintenance requirements applicable to the aircraft and/or components at issue.

### SECOND DEFENSE

At the time of the accident alleged in Plaintiffs' Complaint, the aircraft manufactured by Defendant was not in the same condition as at the moment it was supplied, and the subsequent alterations constitute an independent act sufficient to relieve Defendant of any liability for its performance or failure to perform on the date of the accident at issue.

### THIRD DEFENSE

Plaintiffs' Complaint fails to state claims upon which relief may be granted.

### FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred by the General Aviation Revitalization Act of 1994, 49 U.S.C. § 40101 note.

### SIXTH DEFENSE

Plaintiffs have failed to plead facts with sufficient specificity so as to set forth any exception to the General Aviation Revitalization Act of 1994, 49 U.S.C. § 40101 note.

- 8 -

## SEVENTH DEFENSE

Plaintiffs' decedent assumed all risks of injury of the open, obvious, and apparent risks and hazards, if any, that are incident or related to the conditions and circumstances of the accident alleged in the Second Amended Complaint and that directly and proximately may have caused and/or contributed to the injuries and damages claimed herein by Plaintiffs, so as to bar any recovery.

## EIGHTH DEFENSE

The damages, if any, sustained by Plaintiffs were not proximately caused by any act or omission by Defendant, but were attributable to the acts or omissions of others.

## NINTH DEFENSE

The damages, if any, sustained by Plaintiffs were a direct and proximate result of an independent intervening and/or superseding act by some other person and/or entity not under the control of Defendant.

## TENTH DEFENSE

Any damages or injuries allegedly sustained by Plaintiffs are the direct and proximate result of the acts and/or omissions of others over whom Defendant had no control and for whose acts or omissions it is not responsible, whether or not named as parties to this action, and if Defendant is found liable to Plaintiffs, which liability is expressly denied, this liability is limited to Defendant's proportionate share of any common liability.

## ELEVENTH DEFENSE

The benefits of any product, its design, or formulation for which Defendant may be strictly liable in this action, which liability is expressly denied, outweigh the foreseeable risks associated with the design, formulation or use.

- 9 -

## TWELFTH DEFENSE

Defendant is entitled to a set-off and/or reduction in any verdict and/or judgment rendered against it in an amount equivalent to collateral benefits and/or settlement monies paid to or on behalf of Plaintiffs.

## THIRTEENTH DEFENSE

Plaintiffs have failed to join necessary and/or indispensable parties in accordance with Rule 19 of the Federal Rules of Civil Procedure and/or failed to join all persons necessary for the just adjudication of this action.

## FOURTEENTH DEFENSE

Plaintiffs' implied warranty claims are barred by the terms of the applicable Cessna written warranty.

## FIFTEENTH DEFENSE

Defendant was not given notice of any alleged breach of express or implied warranties.

## SIXTEENTH DEFENSE

At all material times, the subject aircraft and its component parts, including the engine, were designed, engineered, planned, sold, and delivered in conformance with the then-prevailing industry standards and applicable government regulations and statutes and within the then-applicable state of the art, and the benefits of these engines as designed outweigh any risks involved in their use.

## SEVENTEENTH DEFENSE

The engine and/or its component parts were materially altered, misused, abused and/or modified from their original condition as to their initial sale and this alteration, misuse, abuse and/or modification was the proximate cause of the Plaintiffs' damages as alleged in the complaint.

10638299v.1

## EIGHTEENTH DEFENSE

Defendant may rely on the law of a jurisdiction other than that of the forum in the resolution of one or more issues in this action.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' decedent's disregard of, and failure to comply with, any and all warnings, instructions, rules and regulations provided for his safety in operating the subject aircraft.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel and/or fraud.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred and/or limited by the defense of settlement and compromise.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to perfect service in a timely manner as required by Federal Rule of Civil Procedure 4.  Plaintiffs' service of Defendant in this case was defective in that it did not comply with Federal Rule of Civil Procedure 4(h).  Plaintiffs also failed to timely serve Defendant as required by Rule 4(m).

## TWENTY-THIRD DEFENSE

The identity of this Answering Defendant was known to Plaintiffs at the time they filed Civil Action 09-1877, or alternatively would have been known to Plaintiffs upon the exercise of due diligence.  Consequently this Answering Defendant was not one of the unknown defendants to Civil Action 09-1877, and hence the filing of Civil Action 09-1877 did not toll the statute of limitations running in favor of this Answering Defendant.

## TWENTY-FOURTH DEFENSE

Defendant expressly reserves the right to add any other defenses, counterclaims, cross-claims, or third-party claims by way of supplemental pleading or amended pleading as may be determined or discovered during these proceedings.

WHEREFORE, Defendant AVCO CORPORATION respectfully requests that the Court grant judgment in its favor on all causes of action set forth in Plaintiffs' Complaint, dismiss Plaintiffs' claims against Defendant with prejudice, and award it attorneys' fees, costs, and any and all other relief the Court deems equitable and just.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 20th day of September, 2011.

I CERTIFY: That on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notification to counsel for all parties, at their electronic addresses of record.

Respectfully submitted,

**S/FRANCISCO J. COLON-PAGAN**
FRANCISCO J. COLON-PAGAN
BAR NO.: 120503

**S/FRANCISCO E. COLON-RAMIREZ**
FRANCISCO E. COLON-RAMIREZ
BAR NO.: 210510

**COLÓN & COLÓN, P.S.C.**
**ATTORNEYS AT LAW**

Mailing: PO Box 9023355
San Juan, PR 00902-3355
Street: 173 O'Neill Street
San Juan, PR 00918-2404
Tel.: (787) 758-6060 ext. 236, 222
Fax: (787) 753-1656
Email: fjcolon@colonlaw.com
Email: fecolon@colonlaw.com